IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PATRICIA MCKNIGHT                                                                                    PLAINTIFF

v.                                         Case No. 2:14-CV-02147

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                    DEFENDANT

**O R D E R**

The Court has received proposed findings and recommendations (Doc. 19) from Chief United States Magistrate Judge Barry A. Bryant. The Court has conducted a careful review of the findings and recommendations and of the timely objections (Doc. 20) filed by Defendant. After reviewing the record *de novo* as to Defendant's objections, the Court finds the Magistrate's reasoning to be sound and further finds that Defendant's objections offer neither law nor fact requiring departure from the Magistrate's findings.

Defendant objects to the Magistrate's finding that the Administrative Law Judge ("ALJ") did not perform a proper analysis of Plaintiff's credibility as required by *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) ("The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints," and "[s]ubjective complaints may be discounted if there are inconsistencies in the evidence as a whole."). The Magistrate found that the ALJ "made no specific findings regarding the inconsistencies between Plaintiff's claimed subjective complaints and the record evidence, other than to mention some of Plaintiff's daily activities." (Doc. 19, p. 6). Defendant argues that "the ALJ gave good reasons for determining that Plaintiff's subjective complaints of migraines, frequent diarrhea, and neuropathic pain were not fully credible," citing to several excerpts from the ALJ's opinion. (Doc. 20, p. 2-3). However, aside from the one paragraph

alluded to by the Magistrate, in which the ALJ found that Plaintiff's description of her physical abilities was not entirely consistent with her allegations of pain or other impairments, the paragraphs quoted by Defendant all focus only on whether Plaintiff's subjective complaints were supported by the medical record.  As set forth in *Polaski*, the ALJ "may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them." 739 F.2d at 1322.  The ALJ's review of the medical evidence coupled with a cursory statement about Plaintiff's daily activities does not constitute a sufficient analysis of Plaintiff's credibility as to her subjective complaints as required by *Polaski*.  *See e.g.*, *Miller v. Sullivan*, 953 F.2d 417, 421 (8th Cir. 1992) ("not only must [the claimant's] claims lack support in the medical record—they must also be inconsistent with the record as a whole" (quotation omitted)).  Defendant's objection as to this point is overruled.

The Court therefore concludes that the findings and recommendations should be, and hereby are, approved and adopted as this Court's findings in all respects.

Judgment will be entered accordingly.

IT IS SO ORDERED this 16th day of October, 2015.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE